IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | § | |
| *ex rel.* RAYBURN ALEX THOMPSON, | § | |
| | § | |
| Plaintiffs-Relator, | § | |
| | § | |
| VS. | § | Civil Action No. 3:20-CV-2917-D |
| | § | |
| APOLLO PATH, LLC D/B/A | § | |
| APOLLO LABORATORIES, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this *qui tam* action, plaintiff-relator Rayburn Alex Thompson ("Thompson") sues

defendants Apollo Path, LLC d/b/a Apollo Laboratories, Apollo Laboratories Services, LLC,

Arbor Diagnostics, Inc., Korenvaes Management, LLC, David Key, Brian Oliver, and Max

Korenvaes on behalf of the United States of America ("United States"), the States of Texas,

Oklahoma, and Tennessee, and the Commonwealth of Massachusetts.  Thompson asserts

federal-law claims under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, and

supplemental state-law claims.  The United States moves for leave to file a statement of

interest.  Defendants oppose the motion.  For the reasons that follow, the court grants the

motion.

I

This lawsuit involves defendants' submission of reimbursement claims to government

healthcare programs for tests performed on blood and toxicology specimens.  Thompson

alleges that the claims were legally false, in violation of the FCA, because defendants procured the specimens through independent contractor sales representatives whom defendants compensated with commissions based on the volume and profitability of the specimens solicited, in violation of the Medicare and Medicaid Anti-Kickback Statute, 42 U.S.C. §§ 1320a-7a, 1320a-7b, and the Eliminating Kickbacks in Recovery Act of 2018, 18 U.S.C. § 220.

On September 22, 2020 Thompson filed the instant *qui tam* action on behalf of the United States and various states. As required by law, the complaint was filed under seal to enable the United States to decide whether to intervene. After the United States declined to intervene, the court in May 2024 ordered that the complaint be unsealed and served upon defendants. After defendants were served, they moved to dismiss the complaint. Shortly thereafter, Thompson filed an amended complaint, which defendants have moved to dismiss in a motion that is currently pending.[1] The United States now moves for leave to file a statement of interest to address the merits of defendants' motion to dismiss. Defendants oppose the motion. The court is deciding the motion on the briefs, without oral argument.

II

The United States is authorized by statute to attend to its interests in a pending federal lawsuit by seeking leave to file a statement of interest. *See* 28 U.S.C. § 517 ("[A]ny officer

---

[1]Because Thompson's amended complaint moots defendants' September 30, 2024 motion to dismiss the original complaint, that motion is denied as moot. Still pending before the court is defendants' November 25, 2024 motion to dismiss the amended complaint.

of the Department of Justice[] may be sent by the Attorney General to any [] [] district in the United States to attend to the interests of the United States in a suit pending in a court of the United States[.]"); *Republic of Austria v. Altmann*, 541 U.S. 677, 701 (2004) ("[N]othing in our holding prevents the State Department from filing statements of interest[.]"); *id.* at 714 (Breyer, J., concurring) ("[T]he United States may enter a statement of interest [under 28 U.S.C. § 517].").[2]

When the United States is not a party to a lawsuit, its motion for leave to file a statement of interest is akin to a motion for leave to file an *amicus* brief. *See United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F.Supp.2d 920, 927 (S.D. Tex. 2007), *aff'd sub nom. United States ex rel. Gudur v. Deloitte & Touche*, 2008 WL 3244000 (5th Cir. Aug. 7, 2008) (per curiam); *M.R. v. Dreyfus*, 697 F.3d 706, 735 (9th Cir. 2012); *United States v. Realpage Inc.*, 2024 WL 5186598, at *2 (M.D.N.C. Dec. 20, 2024); *United States ex rel. Lynch v. Univ. of Cincinnati Med. Ctr., LLC*, 2020 WL 1322790, at *3-4 (S.D. Ohio Mar. 20, 2020); *Creedle v. Gimenez*, 2017 WL 5159602, at *2 (S.D. Fla. Nov. 7, 2017); *Samuel C.*

---

[2]Whether the United States may file a statement of interest without seeking leave is an unsettled question that the court need not reach in deciding the instant motion for leave. *Compare, e.g.*, *Vassallo v. Rural/Metro Corp.*, 2017 WL 4570706, at *2 (D. Ariz. Oct. 5, 2017) ("The Court acknowledges that a separate motion for leave to file a statement of interest under Section 517 may be a formality, as the Government's statutory authority entitles it to file such a statement 'in any case in which it is interested.'") *with United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F.Supp.2d 920, 927 (S.D. Tex. 2007) (assuming that it is within a "federal district court's power to grant or deny leave to file an *amicus* brief"), *aff'd sub nom. United States ex rel. Gudur v. Deloitte & Touche*, 2008 WL 3244000 (5th Cir. Aug. 7, 2008); *see* N.D. Tex. Civ. R. 7.2(b) ("An amicus brief may not be filed without leave of the presiding judge.").

*Johnson 1988 Tr. v. Bayfield Cnty.*, 634 F.Supp.2d 956, 960 (W.D. Wis. 2009), *rev'd on other grounds*, 649 F.3d 799 (7th Cir. 2011).

As with an *amicus* brief, the decision whether to permit a statement of interest "lies solely within the court's discretion." *Gudur*, 512 F.Supp.2d at 927; *Cont'l Auto. Sys., Inc. v. Avanci, LLC*, 485 F.Supp.3d 712, 724 (N.D. Tex. 2020) (Lynn, C.J.) ("It is solely within the Court's discretion to permit or deny a statement of interest."); N.D. Tex. Civ. R. 7.2(b) ("An amicus brief may not be filed without leave of the presiding judge."). Courts consider whether the proposed statement of interest is "timely, useful, or otherwise necessary to the administration of justice." *Cont'l Auto. Sys.*, 485 F.Supp.3d at 724; *Gudur*, 512 F.Supp.2d at 927.

III

In response to defendants' pending motion to dismiss the amended complaint for failure to state a claim on which relief can be granted, the United States

> requests leave to submit a statement of interest to clarify that (1) proof of FCA liability for claims that arise out of kickbacks does not require a showing that the kickback was the but-for cause of submission of the false claim; (2) "remuneration," as used in the AKS, can include compensation that is fair market value; (3) provided the requisite intent is met, the AKS prohibits paying sales commissions to independent contractors based on the profitability of sales.

Mot. (ECF No. 59) at 1.

Defendants respond that leave should be denied because statements of interest in declined *qui tam* actions violate the FCA and the United States's motion is untimely.

Defendants contend that "permitting the government to file a statement of interest in a declined case would be inconsistent with the explicit statutory limits the FCA places on the government's participation once it has declined to intervene." D. Resp. (ECF No. 65) at 2. Defendants also posit that granting leave to the United States would compound the nearly four-year delay in this action caused by the United States's failure to timely decide whether to intervene.

The United States replies that leave should be granted because the FCA permits statements of interest in declined *qui tam* actions and its motion is timely. The United States maintains that "[judges] in this district have routinely allowed the government to file similar statements of interest in declined False Claims Act cases," Reply (ECF No. 66) at 2, and that "the absence of a statement-of-interest specific provision within the False Claims Act itself" does not require otherwise, because "there would have been no reason for Congress to include such a provision given the longstanding other authority that already existed to permit such statements from the government," *id.* at 3. The United States further maintains that its statement of interest, which is attached to the instant motion for leave, "was tendered within 21 days of Defendants' underlying motion to dismiss and therefore in no way unduly impacts the normal briefing schedule and timetable for a decision for the motion to dismiss." *Id.* at 2.

IV

The court addresses first whether the FCA bars the court from granting the United States leave to file a statement of interest in this case.

- 5 -

The United States regularly files *amicus* briefs in the Fifth Circuit in declined FCA *qui tam* actions. *See, e.g.*, *United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 188 (5th Cir. 2018); *Little v. Shell Expl. & Prod. Co.*, 690 F.3d 282, 284 (5th Cir. 2012); *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 900 (5th Cir. 1997). Under Fed. R. App. P. 29, "[t]he United States or its officer or agency or a state may file an amicus brief without the consent of the parties or leave of court."

Multiple judges in this district have allowed the United States to file statements of interest in declined FCA *qui tam* actions. *See, e.g.*, *Harrison v. Young*, 2023 WL 1769203, at *3 (N.D. Tex. Feb. 3, 2023) (Boyle, J.), *rev'd in part on other grounds*, 103 F.4th 1132 (5th Cir. 2024); *United States ex rel. Haight v. RRSA (Com. Div.), LLC*, 2021 WL 1721585, at *2 (N.D. Tex. Apr. 30, 2021) (Scholer, J.); *United States ex rel. Grynberg Prod. Corp. v. Kinder Morgan CO2 Co., L.P.*, 491 F.Supp.3d 220, 222 (N.D. Tex. 2020) (Kinkeade, J.); *United States ex rel. Wall v. Vista Hospice Care, Inc.*, 2012 WL 12886423, at *3 (N.D. Tex. July 23, 2012) (Lynn, J.); *Fonovisa, Inc. v. Alvarez*, 2006 WL 5865272, at *1 (N.D. Tex. July 24, 2006) (Cummings, J.); *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 2004 WL 579505, at *2 (N.D. Tex. Mar. 18, 2004) (McBryde, J.), *aff'd as modified*, 417 F.3d 450 (5th Cir. 2005).

Other district courts have as well. *See, e.g.*, *United States v. ManPow, LLC*, 2024 WL 305699, at *1 (C.D. Cal. Jan. 3, 2024); *United States v. Fla. Med. Assocs. LLC*, 2022 WL 4134611, at *3 (M.D. Fla. Sept. 12, 2022) ("[I]n June 2022, with the Court's leave, the United States also filed a statement of interest as a real party in interest under 28 U.S.C. §

517[.]"); *Vassallo v. Rural/Metro Corp.*, 2017 WL 4570706, at *2 (D. Ariz. Oct. 5, 2017).

And defendants have not persuaded the court that, contrary to the practices of this and other courts, the FCA bars the court from granting the United States leave to file a statement of interest in this declined case. The FCA specifies the United States's rights in declined cases. In pertinent part, it states: "[i]f the Government elects not to [intervene], the [relator] shall have the right to conduct the action," 31 U.S.C. § 3730(c)(3); upon request, the "Government . . . shall be supplied with copies of all deposition transcripts," *id.*; the court may "permit the Government to intervene at a later date upon a showing of good cause," *id.*; the government may obtain a stay of discovery, *id.* § 3730(c)(4); and the government shall share in any recovery, *id.* § 3730(d)(2). Defendants contend that this list is exclusive. They maintain that

> [w]hat the FCA expressly does *not* do is permit the government to attempt to effectively litigate the action through filing a statement of interest. "Absent persuasive indications to the contrary, we presume Congress says what it means and means what it says." *Simmons v. Himmelreich*, 578 U.S. 621, 627 (2016). Here, Congress has said that the government's role in a declined FCA action is narrow: unless it intervenes, the government is limited to (I) receiving pleadings filed in the action and, at its own expense, copies of all deposition transcripts; (ii) seeking a stay of discovery; and (iii) sharing in the recovery.

D. Resp. (ECF No. 65) at 3.[3]

---

[3]Defendants cite two district court decisions that appear to support their position. *See United States v. Whyte*, 229 F.Supp.3d 484, 490 (W.D. Va. 2017) ("By statute, if the government elects not to intervene, it retains no right to control the litigation in any meaningful way. It may not issues subpoenas, conduct depositions, propound discovery, call

- 7 -

The court is not persuaded, however, that the FCA's expression of the United States's rights in declined cases necessarily forecloses all other avenues of participation in declined cases, such as filing a statement of interest. This is so because context indicates that the negative-implication canon of construction does not apply to 31 U.S.C. § 3730 in this way. *See In re Bourgeois*, 902 F.3d 446, 447-48 (5th Cir. 2018) ("[T]he [negative-implication] canon is not meant to be mechanically applied. . . . Context may indicate that Congress did not wish for an express provision of one thing to work towards the exclusion of another.").[4]

In particular, the structure of § 3730 indicates that it does not purport to exhaustively identify the ways in which the United States can participate in a declined case. The United States's rights in declined cases do not appear in a list or a sequence; rather, they are embedded in discrete provisions where they serve insular purposes. For example, the right to receive pleadings and deposition transcripts is embedded in § 3730(c)(3):

---

witnesses, or cross-examine the defendant's witnesses. It is entitled to receive pleadings and deposition transcripts, but no more."), *aff'd*, 918 F.3d 339 (4th Cir. 2019); *United States ex rel. Rukh v. Salus Rehabilitation*, 2017 WL 1495862, at *2 (M.D. Fla. Apr. 26, 2017) ("Section 517 appears inapplicable in an action under the False Claims Act. Because the United States declined to intervene, Section 3730(c)(3) of the False Claims Act specifically limits the United States's participation to receiving a pleading and a transcript of a deposition."). For the reasons discussed *infra*, the court is not persuaded by these non-binding decisions.

[4]The court will assume *arguendo* that defendants are correct in assuming that the negative-implication canon can apply to provisions that, like § 3730, do not contain a list or series. *See Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003) ("[The negative-implication canon] does not apply to every statutory listing or grouping; it has force only when the items expressed are members of an 'associated group or series[.]'").

- 8 -

> If the Government elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action. If the Government so requests, it shall be served with copies of all pleadings filed in the action and shall be supplied with copies of all deposition transcripts (at the Government's expense). When a person proceeds with the action, the court, without limiting the status and rights of the person initiating the action, may nevertheless permit the Government to intervene at a later date upon a showing of good cause.

Section 3730(c)(3) is a discrete provision that specifies the effect of the United States's declining to intervene: "[T]he person who initiated the action shall have the right to conduct the action," but the court "may nevertheless permit the [United States] to intervene at a later date." And the embedded right to receive pleadings and deposition transcripts serves an insular purpose—to keep the United States informed in case it should wish to intervene later. The other rights that defendants identify likewise serve insular purposes in discrete provisions.[5] This context indicates that § 3730 does not specify all of the United States's

---

[5]The right to stay discovery appears in § 3730(c)(4), which provides: "Whether or not the Government proceeds with the action, upon a showing . . . that certain actions of discovery . . . would interfere with the Government's investigation or prosecution of a criminal or civil matter arising out of the same facts, the court may stay such discovery[.]" This discrete provision contemplates conflicts between *qui tam* actions and related investigations. The right to stay discovery serves the insular purpose of resolving such conflicts.

The right to share in the recovery appears in § 3730(d)(2). It states that, if the United States does not intervene, the relator "shall receive an amount which the court decides is reasonable for collecting the civil penalty and damages. The amount shall be not less than 25 percent and not more than 30 percent of the proceeds of the action or settlement[.]" This discrete provision concerns the fair compensation of relators. And to the extent that defining their right of recovery creates an implied right to recovery for the United States, this right serves the insular purpose of fairly compensating relators while allowing the United States to recover as the real party in interest.

- 9 -

rights in declined FCA cases, but only those rights that are pertinent to the aspects of *qui tam* litigation that the provision addresses. Thus it cannot be inferred that participating is barred in all circumstances.[6]

Accordingly, the court concludes that the FCA's specification of certain rights of the United States in declined *qui tam* actions does not bar the court from granting the United States leave to file a statement of interest in this case.

V

The court next considers whether to exercise its discretion to grant the United States leave to file a statement of interest in this case.

The proposed statement was timely filed within 21 days of defendants' pending motion to dismiss the amended complaint. Granting leave will not delay the court's disposition of defendants' pending motion to dismiss. Defendants' proposed response to the United States's statement of interest is on file, and the timing of the court's ruling is already impacted by the court's decision to hold oral argument.

Moreover, the proposed statement will be useful to the court. Defendants' motion to dismiss raises issues that the United States's proposed statement addresses with arguments that are not presented by the parties' briefing.

---

[6]The court acknowledges defendants' concern that "the government now seeks to effectively litigate Relator's case through filing a Statement of Interest[.]" D. Resp. (ECF No. 65) at 1. The court notes, however, that it may address any potential unfair prejudice to defendants in the exercise of its discretion to grant or deny the United States leave. *See Cont'l Auto. Sys.*, 485 F.Supp.3d at 724 (explaining that courts consider, *inter alia*, whether granting leave is "necessary to the administration of justice").

\*   \*   \*

For the reasons explained, the court grants the United States's November 25, 2024 motion for leave to file a statement of interest. The United States's Statement of Interest Regarding Defendants' Motion to Dismiss, ECF No. 59-1 (attached as Exhibit A to the United States's Motion for Leave to File Statement of Interest) and defendants' Opposition to the Government's Statement of Interest, ECF No. 65-1 (attached as Exhibit A to defendants' Opposition to the Government's Motion for Leave to File Statement of Interest) are deemed filed as of the dates they were filed on the docket in this case.

**SO ORDERED**.

January 21, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE